USDC SCAN INDEX SHEET

















KSR    12/1/05    14:54

3:05-CV-02193   UPPER DECK COMPANY V. MEDIA TECHNOLOGIES

*1*

*NTCREM.*

Gregory S. Dovel (State Bar #135387)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
(310) 656-7066
(310) 656-7069 fax
Attorneys for Defendants
Media Technologies Licensing, LLC
and Adrian Gluck

FILED

05 NOV 30 PH 12: 50

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: K Ridgeway    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, a California corporation; and THE UPPER DECK COMPANY, LLC, a Delaware limited liability company,<br><br>               Plaintiffs,<br><br>vs.<br><br>MEDIA TECHNOLOGIES LICENSING, LLC, a California limited liability company; ADRIAN GLUCK, an individual; and DOES 1 through 50, inclusive<br><br>               Defendants. | CASE NO.<br>'05 CV 2193 BTM    RBB<br>**Notice of removal of action under 28 U.S.C. §1441(b) (Federal Question).** |

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that defendants Media Technologies Licensing, LLC and Adrian Gluck hereby remove to this Court the state action described below.

1. On November 14, 2005, an action was commenced in the Superior court of the State of California in and for the San Diego County of California, entitled The Upper Deck Company, a California corporation; and The Upper Deck Company, LLC, a Delaware limited liability company, vs. Media Technologies Licensing, LLC, a California limited liability company; Adrian Gluck, an individual; and DOES 1 through 50, inclusive, as case number GIN048601 hereto as Exhibit "A".

2. The first date upon which defendant Media Technologies Licensing, LLC received a copy of the complaint was November 14, 2005, when Media Technologies was served with a copy of the complaint, summons, alternative dispute resolution process form and notice of case assignment from the state court. A copy of the summons, alternative dispute resolution process form and notice of case assignment are attached hereto as Exhibit "B".

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the Patent Act 35 U.S.C. §§101 et seq. as it involves issues of the inventorship of patents.

Dated:  November 29, 2005                    DOVEL & LUNER, LLP


By:_____
   Sean A. Luner
   Attorneys for Defendants Media
   Technologies Licensing, LLC and Adrian
   Gluck

1 | Joseph R. Taylor, Esq. (SBN: 129933)
jtaylor@linerlaw.com
2 | JoAnna M. Esty, Esq. (SBN: 147903)
jesty@linerlaw.com
3 | LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
4 | 1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
5 | Telephone: (310) 500-3500
Facsimile: (310) 500-3501
6 |
Craig M. Nicholas, Esq. (SBN: 178444)
7 | cnicholas@nhlaw.org
NICHOLAS & BUTLER, LLP
8 | 225 Broadway, 19th Floor
San Diego, California 92101
9 | Telephone: (619) 325-0492
Facsimile: (619) 325-0496
10 |
Attorneys for Plaintiffs
11 | THE UPPER DECK COMPANY and
THE UPPER DECK COMPANY, LLC
12 |

FILED
NORTH COUNTY DIVISION

2005 NOV 14  PM 12: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

13 |        SUPERIOR COURT OF THE STATE OF CALIFORNIA

14 |        COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

15 |

16 | THE UPPER DECK COMPANY, a California ) Case No.  **G I N 0 4 8 6 0 1**
corporation; and THE UPPER DECK )
17 | COMPANY, LLC, a Delaware limited liability ) **COMPLAINT FOR DECLARATORY**
company, ) **RELIEF**
18 | )
Plaintiffs, ) **DEMAND FOR JURY TRIAL**
19 | )
vs. )
20 | )
MEDIA TECHNOLOGIES LICENSING, LLC, a )
21 | California limited liability company; ADRIAN )
GLUCK, an individual; and DOES 1 through 50, )
22 | inclusive, )
)
23 | Defendants. )
)
24 |

25 |                    **PARTIES**

26 |        1.    Plaintiff The Upper Deck Company ("UDC") is, and at all times mentioned herein

27 | was, a corporation organized and existing under the laws of the State of California, with its

28 | principal offices in the County of San Diego, State of California.

2.   Plaintiff The Upper Deck Company, LLC, ("Upper Deck LLC") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal offices in the County of San Diego, State of California.

3.   In or around 1996, Upper Deck LLC acquired the business of UDC.

4.   Plaintiffs are informed and believe that Defendant Media Technologies Licensing, LLC ("MT") is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California, doing business in the County of Los Angeles, State of California.

5.   Plaintiffs are informed and believe that Defendant Adrian Gluck ("Gluck") is, and at all times herein mentioned was, residing in the State of California.

6.   Plaintiffs do not know the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when the same are ascertained. Each of the fictitiously named defendants is in some manner interested in the declaratory relief sought herein. For convenience, each reference herein to Defendant shall also refer to the DOE defendants and each of them.

### FACTS

7.   Starting no later than 1989 until a later time alleged below, Gluck was a director of UDC. In his position as director of UDC, Gluck occupied a position of trust and confidence, and owed all fiduciary duties to UDC (and its successors, including Upper Deck LLC) which apply to directors, including the ongoing duty to maintain secrecy and confidentiality, and retain all intellectual property assets of UDC in UDC, and not to exploit for his own benefit any confidential or proprietary information and/or intellectual property assets of UDC.

8.   During the period of time when Gluck was a director, UDC conveyed information confidentially to Gluck. That is, Gluck received confidential and/or proprietary information concerning intellectual property assets of UDC, namely ideas for new types of trading cards. Such information was provided to Gluck with the expectation that Gluck, as a director, would keep that information confidential and/or proprietary to UDC, consistent with his fiduciary duties.

2
COMPLAINT

9.   In or about 1993, a dispute arose between Gluck and UDC regarding his conduct in his capacity as a director. To resolve this dispute, Gluck and UDC negotiated a settlement, which culminated in a settlement agreement that the parties dated December 1993. Prior to, and during the time that these negotiations occurred, Gluck's fiduciary duty to UDC continued through to the February 1, 1994 date he executed the settlement agreement, notwithstanding the effective date of the settlement agreement or his back-dated resignation as of January 14, 1993.

10.   In November of 1993, at the same time Gluck was negotiating the settlement agreement, Gluck was secretly applying for U.S. Patent No. 5,471,431 ("the '431 patent"), which includes and is based on confidential product-related invention and information disclosed to Gluck while he served on the board for UDC. The '431 patent is the parent parent of all other patents alleged herein.

11.   In February of 1994, just a few days after executing the settlement agreement, Gluck secretly applied for U.S. Patent No. 5,421,583 ("the '583 patent"), which is a continuation-in-part patent of the '431 patent that includes the invention of the '431 patent, and includes and is based on confidential product-related invention and information of UDC disclosed to Gluck while he served on the board for UDC.

12.   In December of 1994, Gluck secretly applied for U.S. Patent No. 5,803,501 ("the '501 patent"), which is a continuation-in-part patent of the '583 patent that includes the inventions of the '431 patent and the '583 patent, and includes and is based on confidential product-related invention and information of UDC disclosed to Gluck while he served on the board for UDC.

13.   In September of 1998, Gluck secretly applied for U.S. Patent No. 6,142,532 ("the '532 patent"), which is a continuation patent of the '501 patent that includes the inventions of the '431 patent, the '583 patent and the '501 patent, and includes and is based on confidential product-related invention and information of UDC disclosed to Gluck while he served on the board for UDC.

14.   The '583, '501 and '532 patents are all based on or related to the original '431 patent and include the invention of the '431 patent. In fact, the '532 patent has a terminal disclaimer based on the '431 patent.

(01301S1.001  282281v01)

1    15.    Gluck is the named inventor of all of the '431, '583, '501 and '532 patents.

2    16.    In 1993 and 1994, Gluck assigned the '431 and '583 patents to Laservision

3    Productions, Inc. ("Laservision"). In or around July 1997, Laservision assigned the '431 and '583

4    patents to Adrian Gluck & Associates ("AGA"). In or around May 2000, AGA purported to assign

5    the '431 and '583 patents to LNCJ, Ltd. ("LNCJ").

6    17.    In or around February 1998, Stephen E. Turner ("Turner") filed in Orange County

7    Superior Court a case against Laservision, among others. The Orange County Superior Court

8    awarded Turner a judgment of over a million dollars against Laservision and subsequently, in or

9    around November 1998 and February 2001, ordered the turnover of the assets of Laservision, and

10   related parties AGA and Gluck to Turner. The turnover Orders provided for turnover of the '431,

11   '583, and '501 patents to Turner. In or around 2002, Gluck filed an appeal to the Orange County

12   Superior Court's turnover Orders.

13   18.    In or around 2000, Turner filed a separate lawsuit against Telepresence

14   Technologies, LLC ("Telepresence") who had purportedly licensed the rights to the '431, '583 and

15   '501 patents from LNCJ, in Orange County Superior Court, alleging the fraudulent transfer of the

16   rights in the '431, '583 and '501 patents to Telepresence. In or around August 2001, the Orange

17   County Superior Court entered judgment against Turner and found that the '431, '583 and '501

18   patents were not transferred to Turner. In or around 2001, Turner filed an appeal to the Orange

19   County Superior Court's judgment.

20   19.    In or around February 2001, Telepresence filed a federal court action against

21   Plaintiffs, among others, regarding infringement of the '431, '583 and '501 patents. In or around

22   March 2001, the Central District Court found that there were clouds on the titles of the '431, '583

23   and '501 patents as the assignments were deficient. The Central District Court dismissed the

24   Telepresence action with prejudice because Telepresence lacked standing as it had no enforceable

25   rights in the '431, '583 and '501 patents. No appeal was taken from this dismissal.

26   20.    On information and belief, sometime after the federal court action, Gluck filed

27   articles of organization in California creating MT, naming himself as president of MT. Thereafter,

28   MT, through assignments, that is, a series of quitclaim deeds from Gluck and LNCJ, allegedly

4
COMPLAINT

[00010170111.767791v01]

1  obtained the rights to the '431, '583, '501 and '532 patents. In or around November 2001, MT filed

2  its own federal court action against Plaintiffs, among others, regarding infringement of the '501

3  patent, and, eventually, the '532 patent, but not the '431 patent or the '583 patent.

4      21.   On information and belief, this second federal court action was again dismissed with

5  prejudice based upon claim preclusion. The Central District Court concluded that MT was barred

6  from prosecuting the case under claim preclusion because it was in privity with Telepresence. The

7  Court of Appeals for the Federal Circuit reversed and remanded this action for trial in 2003 holding

8  that MT was the entity holding all of the interest that was lacking before. On remand, the action is

9  now pending before the Central District Court.

10      22.   In or around January 2003, Turner, LNCJ, Telepresence, MT, and Gluck, among

11  others, filed additional quitclaim assignments to the '431, '583, '501 and '532 patents to clarify,

12  clear and transfer title to MT. Thereafter, the state court appeals were dismissed.

13      23.   Defendants have exploited some or all of the patents in 2005, by, among other

14  things, signing a settlement disclosed in a publicly-available document at the Securities and

15  Exchange Commission whereby defendants received or will receive at least $2 million from Topps

16  Co., Inc., and by threatening Internet web-based businesses and trading card dealers regarding sales

17  of products that include the inventions of the '431, '583, '501 and '532 patents.

18              **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

19                         **(Against All Defendants)**

20      24.   As explained herein, the invention claimed in the '431 and the subsequent patents,

21  and related intellectual property assets, were UDC proprietary property and were disclosed to

22  Gluck confidentially in his capacity as a director of UDC.

23      25.   Gluck improperly and secretly filed for patent protection for these inventions, which

24  are owned by UDC. Gluck failed to disclose such facts to the U.S. Patent and Trademark Office

25  when filing his patent applications.

26      26.   An actual controversy has arisen and now exists between Plaintiffs, on the one hand,

27  and Defendants, on the other hand. The parties controvert whether Plaintiffs have any rights in and

28  to the title of the '431, '583, '501 and '532 patents.

---

5
COMPLAINT

27.    Plaintiffs contend that UDC owns the '431, '583, '501 and '532 patents and that Defendants have no rights in the '431, '583, '501 and '532 patents.  Plaintiffs contend in the event that Defendants may arguably have added new patentable matter to the '583 patent, the '501 patent and/or the '532 patent, Plaintiff is still the owner of these patents as they all derive from and are based on the '431 patent and the proprietary intellectual property of UDC.  Plaintiffs are informed and believe, and based thereon allege, that Defendants deny these contentions.

28.    Plaintiffs further contend that in the event that this Court determines that Defendants have any rights in the '431 patent, the '583 patent, the '501 patent and/or the '532 patent, Plaintiff is still the owner of the inventions derived from its proprietary intellectual property that is included in the '431 patent, the '583 patent, the '501 patent and/or the '532 patent and Plaintiffs are an undivisible co-owner of these patents.  Plaintiffs are informed and believe, and based thereon allege, that Defendants deny these contentions.

29.    Plaintiffs seek a declaration that UDC is the correct owner of the '431, '583, 501 and '532 patents.

30.    Plaintiffs could not seek such a declaration until there was an alleged actual owner of the '431, '583, '501 and '532 patents, which did not occur until the Federal Circuit ruled that MT had standing to bring an action based on the '501 and '532 patents in or around 2003.

31.    A judicial declaration of the parties' rights is necessary and appropriate at this time so that the parties may pursue or continue to pursue adjudication of their respective claims before the appropriate tribunal.

## PRAYER FOR RELIEF

1    · WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

2  AS TO THE FIRST CAUSE OF ACTION:

3        1.    For a judicial determination and declaration that UDC is the correct owner of the

4  '431, '583, '501 and '532 patents or, if not the sole owner for any such patent, then the co-owner of

5  an indivisible interest in such patent(s);

6        2.    For an order transferring and assigning MT's interest in the '431, '583, '501 and '532

7  patent(s) to UDC;

8        3.    For an order imposing a constructive trust on the '431, '583, '501 and '532 patents for

9  the benefit of UDC;

10       4.    For costs of suit; and,

11       5.    For such other further relief at law or equity in favor of Plaintiffs which the Court

12  deems necessary and proper.

13

14

15  Dated: November 14, 2005                  NICHOLAS & BUTLER, LLP

16

17                               By:  _____

18                                    Craig M. Nicholas
                                      Attorneys for Plaintiffs
19                                    THE UPPER DECK COMPANY and
                                      THE UPPER DECK COMPANY, LLC

20

21

22

23

24

25

26

27

28

7

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs The Upper Deck Company and The Upper Deck Company, LLC, hereby demand a trial by jury of all claims and issues triable by a jury.

Dated: November 14, 2005                    NICHOLAS & BUTLER, LLP

By: _____
                                            Craig M. Nicholas
                                            Attorneys for Plaintiffs
                                            THE UPPER DECK COMPANY and
                                            THE UPPER DECK COMPANY, LLC

0020151.001 282281v01

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MEDIA TECHNOLOGIES LICENSING, LLC, a California
limited liability company; ADRIAN GLUCK, an
individual; and DOES 1 through 50, inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
THE UPPER DECK COMPANY, a California corporation;
and THE UPPER DECK COMPANY, LLC, a Delaware limited
liability company

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
325 SOUTH MELROSE DRIVE
325 SOUTH MELROSE DRIVE
VISTA, CA 92081
NORTH COUNTY DIVISION

CASE NUMBER:
*(Número del Caso):* **GIN048601**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig M. Nicholas (SBN 178444)                    (619) 325-0492  Fax (619) 238-0492
NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
San Diego, CA 92101

DATE:   **NOV 1 4 2005**                          Clerk, by _____, Deputy
*(Fecha)*                                         *(Secretario)*        Pamela Scott       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).



**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Media Technologies Licensing, LLC, a
   California limited liability company
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): limited liability company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
325 S. Melrose
Vista, CA 92081

TO:

| | |
|---|---|
| THE UPPER DECK COMPANY | Case No.: GIN048601 |
| Plaintiff(s) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** |
| vs. | (CRC 1590.1) |
| MEDIA TECHNOLOGIES LICENSING LLC | Judge: LISA GUY-SCHALL |
| Defendant(s) | Department: 31 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management timelines.

☐ Court-Referred Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify):

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration (Stipulated)
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

| Date: _____ | Date: _____ |
|---|---|
| Name of Plaintiff | Name of Defendant |
| Signature | Signature |
| Name of Plaintiff's Attorney | Name of Defendant's Attorney |
| Signature | Signature |

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

IT IS SO ORDERED.

Dated: _____    _____

JUDGE OF THE SUPERIOR COURT

SDSC CIV-359(Rev. 8-03)    ADR-STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

*You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.*

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. *It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.*

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize *mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act.* These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

11/15/2005 13:00 FAX 13105003501                                    ☑015

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
325 S. Melrose
Vista, CA 92081

TO:

CRAIG M NICHOLAS
NICHOLAS & BUTLER LLP
225 BROADWAY STE 1900
SAN DIEGO, CA  92101

---

| THE UPPER DECK COMPANY | Case No.: GIN048601 |
|---|---|
| Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| vs. | |
| MEDIA TECHNOLOGIES LICENSING LLC | Judge: LISA GUY-SCHALL |
| Defendant(s) | Department: 31 |
| | Phone: 760-806-6350 |

**COMPLAINT FILED** 11/14/05

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEES FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-350 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

### CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at        VISTA California.

DATED: 11/14/05                              BY: CLERK OF THE SUPERIOR COURT

SDSC CIV-721(Rev 7-03)                    ASG-NOTICE OF CASE ASSIGNMENT

JS 44
(Rev. 07/89)

ORIGINAL
● CIVIL COVER SHEET ●

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

THE UPPER DECK COMPANY, a California corporation; and THE UPPER DECK COMPANY, LLC, a Delaware limited liability company

**DEFENDANTS**

MEDIA-TECHNOLOGIES LICENSING, LLC, a California limited liability company; ADRIAN GLUCKMAN, an individual; and DOES 1 through 50, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Ave., 14th Floor

Los Angeles, California 90024
310-500-3500

ATTORNEYS (IF KNOWN)
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600

Santa Monica, California 90401
310-656-7066

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

35 U.S.C. §101 et seq. - patent inventorship

'05 CV 2193 BTM     RBB

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE  Alicemarie H. Stotler   Docket Number  SACV 01-1198 AHS (ANx)

DATE
November 29, 2005

SIGNATURE OF ATTORNEY OF RECORD

#119170   250 -   MS

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)