















KSR    12/6/05    7:42

3:05-CV-02193   UPPER DECK COMPANY V. MEDIA TECHNOLOGIES

*4*

*M.*

ORIGINAL



FILED
05 DEC -5 PM 1: 33
CLERK US DISTRICT COURT

K Ridgeway
DEPUTY

1  Gregory S. Dovel (State Bar #135387)
   DOVEL & LUNER, LLP
2  201 Santa Monica Blvd., Suite 600
   Santa Monica, California 90401
3  (310) 656-7066
4  (310) 656-7069 fax
   Attorneys for Defendants
5  Media Technologies Licensing, LLC
   and Adrian Gluck
6

7

8                    **UNTED STATES DISCTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | THE UPPER DECK COMPANY, a         | CASE NO.  05 cv 2193 BTM (RBB)
12 | California corporation; and THE    |
   | UPPER DECK COMPANY, LLC, a         | **Notice of motion and joint motion by**
13 | Delaware limited liability company,| **defendant Media Technologies**
   |                                    | **Licensing, LLC and defendant Adrian**
14 |                 Plaintiffs,        | **Gluck to dismiss Upper Deck's**
15 | vs.                                | **Complaint pursuant to Federal Rules**
   |                                    | **of Civil Procedure, Rule 12(b)(6);**
16 | MEDIA TECHNOLOGIES                 |
   | LICENSING, LLC, a California       | **Memorandum of Points and**
17 | limited liability company; ADRIAN  | **Authorities.**
18 | GLUCK, an individual; and DOES 1   |
   | through 50, inclusive              | Date:    February 17, 2006
19 |                 Defendants.        | Time:   11:00 a.m.
20 |                                    | Judge:  Barry Ted Moskowitz
21 |                                    |
22 |                                    | Per Chambers, no oral argument unless
   |                                    | requested by Court
23

24

25

26

27

28                        

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on February 17, 2005, at 11:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 880 Front St., San Diego, California 92101, in the courtroom of the Honorable Barry Ted Moskowitz, Defendants Media Technologies Licensing, LLC and Adrian Gluck will and hereby do move the Court for an order to dismiss the single declaratory relief claim in this Complaint because the claim is barred by the applicable statutes of limitation.

This motion is based on this Notice of Motion and Joint Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice and attached exhibits filed herewith, and such other supplemental memoranda or evidence as is presented to the Court at or before the hearing of this Motion.

Dated: December 5, 2005                    DOVEL & LUNER, LLP


By: _____
    Sean A. Luner
    Attorneys for Defendants, Media
    Technologies Licensing, LLC and
    Adrian Gluck

05 cv 2193 BTM (RBB)

# TABLE OF CONTENTS

I.   Introduction ................................................................................1

II.  Statement of Facts.......................................................................1

III. Upper Deck's claim is barred by the applicable statute of
     limitations ..............................................................................6

     A.  Upper Deck's claim is subject to, at the longest, a four-year
         statute of limitations ..........................................................6

     B.  The statute of limitations on Upper Deck's declaratory relief
         claim began to accrue either (1) in 1993, when the alleged
         wrongful acts took place, or (2) when Upper Deck had
         knowledge of the underlying facts, by April 28, 2000 at the
         absolute latest ...................................................................9

         1.  Upper Deck's alleged cause of action began to accrue
             in 1993..................................................................9

         2.  Upper Deck may argue that its claim did not begin to
             accrue until it learned of the alleged inappropriate act
             which was – at the absolute latest – April 28, 2000 .................10

             a.  Under certain circumstances, a statue of
                 limitations may begin to accrue when a plaintiff
                 has knowledge of the relevant facts sufficient to
                 put it on notice ..............................................10

             b.  In determining when Upper Deck had sufficient
                 notice, the Court can consider the face of the
                 Complaint as well as pleadings filed by Upper
                 Deck in the related patent litigations .............................11

             c.  The facts presented in Upper Deck's court filings in
                 these related matters demonstrate that Upper Deck
                 had knowledge of the facts sufficient to put it on
                 notice of its current claim by April 28, 2000 at the
                 absolute latest..........................................................13

     C.  The statutes of limitations expired no later than April 28,
         2004 ..................................................................................13

IV.  Upper Deck's apparent excuse for delaying until 2005 to bring this
     action fails.................................................................................14

V.   Conclusion .................................................................................16

1

# TABLE OF AUTHORITIES

2

## CASES

3    *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399 (9th Cir. 1996) .... 12

4    *April Enterprises, Inc. v. KTTV*, 147 Cal. App. 3d 805 (Cal. App. 1983).............. 10

5    *Canter v. West Publishing Company*,
        1999 U.S. Dist. Lexis 3815 (N. D. Cal. 1999)........................................................ 9

6    *Canter v. West Publishing Company*,
7        1999 U.S. Dist. Lexis 4015 (N. D. Cal. 1999)........................................................ 9

8    *Davies v. Krasna*, 14 Cal. 3d 502, 121 Cal. Rptr. 705 (1975)................................. 8

    *General Electric Co. v. Brandon*,
9        1992 U.S. Dist. LEXIS 19869 (N. D.N.Y. 1992) .................................................... 8

10   *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980) ..................................... 6

11   *Lee v. Bank of America*, 27 Cal. App. 4th 197, 32 Cal. Rptr. 2d 388 (1994)........... 9

    *Lerner v. Los Angeles City Board of Education*, 59 Cal. 2d 382 (Cal. 1963) .......... 7
12
    *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993)............................ 7

13   *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir. 1986)........... 12

14   *Maguire v. Hibernia Sav. & Loan Soc.*, 23 Cal. 2d 719 (Cal. 1944)........................ 7

15   *Media Tech. Licensing, LLC v. Upper Deck Co.*,
        334 F.3d 1366 (Fed. Cir. 2003).............................................................................. 15

16   *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986) ............................ 12

17   *Mullis v. United States Bank*, 828 F.2d 1385 (9th Cir. 1987)................................. 11

    *Orangetown v. Gorsuch*, 718 F.2d 29 (2nd Cir. 1983) .......................................... 7
18
    *Robuck v. Dean Witter & Co.*, 649 F.2d 641 (9th Cir. 1980) ................................... 8
19
    *Rothman v. Gregor*, 220 F.3d 81 (2nd Cir. 2000) .................................................. 12

20   *United States v. Kubrick*, 444 U.S. 111 (U.S. 1979) ............................................. 10

21

## STATUTES

22   35 U.S.C. § 265 .......................................................................................................... 8

23   Cal. Code Civ. Proc. § 337 ......................................................................................... 8

24   Cal. Code Civ. Proc. § 338 ...................................................................................... 8, 9

    Cal. Code Civ. Proc. § 339 ......................................................................................... 8
25
    Fed. R. Evid. 201(b)................................................................................................... 12
26
    Federal Rule of Civil Procedure 12(b)(6) ................................................................. 16

27

28

## Memorandum of Points and Authorities

**I.   Introduction.**

The single claim asserted by Upper Deck[1] fails to state a cause of action and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Upper Deck's claim is barred by the applicable statute of limitations (at most, four years) because its claim is based on the filing by Defendant Adrian Gluck ("Gluck") of a patent application in November 1993 (over twelve years ago), which Upper Deck knew about, at the absolute latest, by April 28, 2000 (more than five and ½ years ago).  Moreover, not only was Upper Deck aware of the factual basis of its claim by April 28, 2000, but on that date, Upper Deck filed counterclaims asserting the exact same underlying facts seeking the exact same relief as Upper Deck is asserting in this case, clearly demonstrating that Upper Deck's current claim could have been brought more than four years ago.

Because a claim that is barred by the applicable statutes of limitations should be dismissed under Rule 12(b)(6), this motion should be granted.

**II.   Statement of Facts.**

Starting in 1993 (over 12 years ago), Gluck filed for and received four United States patents:

- In November 1993, Gluck applied for the patent that issued as United States Patent No. 5,471,431 ("the '431 patent").  Complaint ¶10.[2]
- In February 1994, Gluck applied for the patent that issued as United States Patent No. 5,421,583 ("the '583 patent").  Complaint ¶11.
- In December 1994, Gluck applied for the patent that issued as United States Patent No. 5,803,501 ("the '501 patent").  Complaint ¶12.

---

[1]   "Upper Deck" collectively refers to Plaintiffs The Upper Deck Company and The Upper Deck Company, LLC.
[2]   "Complaint" refers to the complaint filed by Upper Deck against Media Technologies and Adrian Gluck on November 14, 2005.

- In September 1998, Gluck applied for the patent that issued as United States Patent No. 6,142,532 ("the '532 patent").  Complaint ¶13.

On February 18, 2000 (almost six years ago), Telepresence Technologies, LLC filed a patent infringement action against Upper Deck, asserting that Upper Deck infringed three of the four patents.  Complaint ¶19; Exh. 1 (the "Telepresence Action").[3]  In response to this patent infringement action, Upper Deck filed counterclaims in which it pleaded the exact same allegations and requested the exact same relief as set forth in its current Complaint.  *Compare* Complaint with Exh. 2.  In fact almost all of the substantive paragraphs of the current Complaint can be found in Upper Deck's counterclaims in the 2000 Telepresence Action, as can be seen by comparing the paragraphs of Upper Deck's 2000 counterclaims with Upper Deck's current 2005 Complaint:

| *Facts alleged by Upper Deck in 2000:* | *Corresponding Facts alleged by Upper Deck in 2005* |
|---|---|
| ¶1 | ¶3 |
| ¶2 | ¶4 |
| ¶15 | ¶7 |
| ¶16 | ¶8 |
| ¶17, 18 | ¶9 |
| ¶19 | ¶10 |
| ¶20 | ¶11 |
| ¶21 | ¶12 |

---

[3]     Although Upper Deck, in its Complaint, perhaps in an ineffective attempt to try to avoid the statute of limitations bar, asserted: "In or around *February 2001*, Telepresence filed a federal court action against Plaintiffs, among others, regarding infringement of the '431, '582 and '501 patents" (Complaint at ¶19 (emphasis added)), the complaint in the Telepresence Action was actually filed the year before, on February 28, 2000.  Exh. 1.

1    The following are just two of the many examples of common alleged

2 facts found in Upper Deck's allegations in 2000 and again in 2005:

3



4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

> 19.   In November 1993, at the same time that Gluck was
> negotiating the Settlement Agreement in which he agreed not to
> disclose Upper Deck's confidential information, Gluck was secretly
> applying for U.S. Patent No. 5,417,431, which is based on
> confidential product-related information provided to Gluck while
> he served on the Board of Directors.

**Upper Deck's Counterclaim ¶19 (April 28, 2000)**

4

5

6

7

8

9

10

> 10.   In November of 1993, at the same time Gluck was negotiating the settlement
> agreement, Gluck was secretly applying for U.S. Patent No. 5,471,431 ("the '431 patent"), which
> includes and is based on confidential product-related invention and information disclosed to Gluck
> while he served on the board for UDC.

**Upper Deck's Complaint ¶10 (November 14, 2005 – over 5 ½ years later)**

11

12

13

14

15

16

     Similarly, the relief sought by Upper Deck back in 2000 was almost identical to the relief sought by Upper Deck over five years later in November 2005, again demonstrating that Upper Deck had sufficient knowledge of the facts to put on notice of its claims back in 2000.  Again, just as two examples:

17

18

19

20

21

22

23

24

25

26

27

28



23
24   38.   On that basis, Counterclaimants are entitled to a
25   constructive trust over U.S. Patents No. 5,417,431, No. 5,421,583,
     and No. 5,803,501.

**Upper Deck's Counterclaim ¶38 (April 28, 2000)**

9    3.   For an order imposing a constructive trust on the '431, '583, '501 and '532 patents for
10   the benefit of UDC;

**Upper Deck's Complaint (November 14, 2005 – over 5 ½ years later)**

6    e) holding that Upper Deck is the correct owner of the
7    patents;

**Upper Deck's Counterclaim (April 28, 2000)**

4    1.   For a judicial determination and declaration that UDC is the correct owner of the
5    '431, '583, '501 and '532 patents or, if not the sole owner for any such patent, then the co-owner of
6    an indivisible interest in such patent(s);

**Upper Deck's Complaint (November 14, 2005 – over 5 ½ years later)**

In 2000, after Upper Deck asserted its counterclaims, the District Court held that Telepresence did not have standing to bring a patent infringement action against Upper Deck and the Telepresence Action was dismissed, including Upper Deck's counterclaims, based on the same facts and seeking the same relief as in this case. Complaint ¶19.

Later that year, in November 2001, Media Technologies Licensing, LLC ("Media Technologies") brought a patent infringement action against Upper Deck. Complaint ¶19 (the "Media Technologies" Action"). In response to this Media Technologies patent infringement action against Upper Deck, on January 30, 2002, Upper Deck again brought counterclaims against Gluck and Media Technologies, in which it again pleaded the same allegations as set forth in the Current complaint and requested the same relief. *Compare* Complaint with Exh. 3.

The Media Technologies Action, including Upper Deck's counterclaims asserting the exact same facts seeking the same relief as in the Complaint at issue, has been pending in the Central District of California for the past five years and is currently set for trial.

## III.   Upper Deck's claim is barred by the applicable statute of limitations.

Where the facts alleged in a complaint establish that a claim is barred by the applicable statute of limitations, the complaint must be dismissed for failure to state a claim, because the action is time-barred. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (a statute of limitations "defense may be raised by a motion for dismissal").

### A.   Upper Deck's claim is subject to, at the longest, a four-year statute of limitations.

In this case, Upper Deck asserts a single cause of action for declaratory relief. Complaint ¶¶24-31.

If a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, that specific period of time will govern:

> Levald finally contends that the statute of limitations is inapplicable to its claim for declaratory judgment. This argument is meritless. . . . To prevent plaintiffs from making a mockery of the statute of limitations by the simple expedient of creative labeling - styling an action as one for declaratory relief rather than for damages - courts must necessarily focus upon the substance of an asserted claim as opposed to its form. It is settled, therefore, that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy. Therefore, if "'a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern.'" Whether styled as a claim for damages or one for declaratory judgment, the facial challenge is time barred.

*Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 689 (9th Cir. 1993) (internal citations omitted); *see Orangetown v. Gorsuch*, 718 F.2d 29, 41-42 (2nd Cir. 1983) ("Orangetown also errs in assuming that it can avoid the applicable bar by labeling its action as one seeking declaratory or injunctive relief. . . . If this examination reveals that a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern." (internal citations omitted) (emphasis added)); *Lerner v. Los Angeles City Board of Education*, 59 Cal. 2d 382, 389 (Cal. 1963) ("[It] is settled that where the statute of limitations has barred any right to 'coercive' relief, declaratory relief designed to vindicate the same asserted right is likewise barred." (internal citations omitted)); *Maguire v. Hibernia Sav. & Loan Soc.*, 23 Cal. 2d 719, 733 (Cal. 1944).

Here, it cannot be disputed that Upper Deck's declaratory relief could have been resolved through other forms of action which have specific limitations

1    periods because Upper Deck actually brought other forms of actions to resolve its
2    claims.
3              In its previous complaints, Upper Deck attempted to resolve the
4    disputed issues by alleging claims for:
5        • breach of fiduciary duty (Exh. 3, ¶ 62);
6        • breach of duty of confidence (Exh. 3, ¶ 69);
7        • breach of written contract (Exh. 3, ¶  80);
8        • unjust enrichment (Exh. 3, ¶ 83); and
9        • conversion (Exh. ¶ 89).
10             The maximum statute of limitations for any of these forms of actions
11   is four years:
12       •      breach of fiduciary duty:  three or four years. *Robuck v. Dean Witter*
                *& Co.*, 649 F.2d 641, 644-45 (9th Cir. 1980);
13
14       •      breach of confidence:  two or three years. *Davies v. Krasna*, 14 Cal.
                3d 502, 508-511, 121 Cal. Rptr. 705 (1975);
15
16       •      breach of a written contract:  four years. Cal. Code Civ. Proc. § 337.
17       •      unjust enrichment:  two or three years. Cal. Code Civ. Proc. §§ 338,
                339; and
18
19       •      conversion:  three years.  Cal. Code Civ. Proc. § 338.[4]
20   _____
21       [4]     The foundation of Upper Deck's claim is a dispute as to who
     invented the patents which requires construing the patent claims and determining
22   who actually invented the claimed subject matter.  Although such a claim would
     normally be brought under 35 U.S.C. § 265, because Upper Deck has pleaded that
23   Gluck intentionally misrepresented the true inventor of the patents to the Patent
     Office, 35 U.S.C. § 265 does not apply and the maximum four-year statute of
24   limitations applies. *General Electric Co. v. Brandon*, 1992 U.S. Dist. LEXIS
     19869 (N. D.N.Y. 1992) ("a suit for a determination of inventorship and
25   correction of a patent under § 256 is permissible and is an action 'arising under'
26   the patent laws . . . the plaintiff has not really identified its claimed cause of action
     with any degree of precision. The court sees either a claim for interference with
27   property, or some sort of breach of contract claim, and either of these would be
28

1   Accordingly, because Upper Deck's declaratory relief claim could have been

2   resolved through other forms of action which have a maximum four-year

3   limitations period, the maximum four-year limitations period governs.

**B.    The statute of limitations on Upper Deck's declaratory relief claim began to accrue either (1) in 1993, when the alleged wrongful acts took place, or (2) when Upper Deck had knowledge of the underlying facts, by April 28, 2000 at the absolute latest.**

**1.    Upper Deck's alleged cause of action began to accrue in 1993.**

A statute of limitations generally begins to run when the cause of action accrues, which occurs when the alleged wrongful act is done. Cal. Code Civ. Proc. § 338; *Lee v. Bank of America*, 27 Cal. App. 4th 197, 205, 32 Cal. Rptr. 2d 388 (1994).

Upper Deck's cause of action, if any, began to accrue no later than November 1993, when Gluck filed the application that matured into the '431 Patent:

> In *November of 1993*, at the same time Gluck was negotiating the settlement agreement, Gluck was secretly *applying for U.S. Patent No. 5,471,431 ("the '431 patent")*, which includes and is based on confidential product-related invention and information disclosed to Gluck while he served on the board of UDC. The *'431 patent is the parent patent of all other patents* alleged herein.)

Complaint at ¶10 (emphasis added). See *Canter v. West Publishing Company*, 1999 U.S. Dist. Lexis 3815 (N. D. Cal. 1999) (withdrawn from publication), reaffirmed 1999 U.S. Dist. Lexis 4015 (N. D. Cal. 1999) ("Any such alleged disclosure of Plaintiffs' invention to Turtle, and use of it in developing the technology covered by the first Turtle patent,

---

barred by the statute of limitations since the claim arose at the issuance of the '311 Patent").

1  inherently would have occurred prior to filing the patent application. Thus,

2  *Plaintiffs' cause of action, if any, accrued* no later than October 8, 1991,

3  *when West filed the application for the first Turtle patent*.  By the time

4  Plaintiffs filed suit in May, 1996, the statute of limitations had already

5  run." (emphasis added)).

6        **2.    Upper Deck may argue that its claim did not begin to accrue until it learned of the alleged inappropriate act**

7        **which was – at the absolute latest – April 28, 2000.**

8       Although not asserted in Upper Deck's Complaint, in an attempt to

9  plead around the statue of limitations bar, Upper Deck may allege that it was not

10  until years after Gluck filed the application for the '431 patent, that Upper Deck

11  first learned of the facts that give rise to its claim.  Even if Upper Deck were to

12  attempt to plead around the bar, the following facts, to which this court can take

13  judicial notice of, demonstrate that Upper Deck was, beyond any doubt, aware of

14  the facts that give rise to its claim by – at the absolute latest – April 28, 2000.

15        **a.    Under certain circumstances, a statue of limitations may begin to accrue when a plaintiff has knowledge**

16        **of the relevant facts sufficient to put it on notice.**

17       Under certain circumstances, a plaintiff may argue that the statute

18  does not begin to run when the alleged wrongful act took place but rather begins

19  to run when the plaintiff learns of the facts that give rise to its claims.  *United*

20  *States v. Kubrick*, 444 U.S. 111, 126 (U.S. 1979) ("Essentially, there are two

21  possible approaches to construction of the word 'accrues' in statutes of

22  limitations: (1) a claim might be deemed to 'accrue' at the moment of injury

23  without regard to the potentially harsh consequence of barring a meritorious claim

24  before the plaintiff has a reasonable chance to assert his legal rights, or (2) it

25  might 'accrue' when a diligent plaintiff has knowledge of facts sufficient to put

26  him on notice of an invasion of his legal rights." (emphasis added)); *April*

27  *Enterprises, Inc. v. KTTV*, 147 Cal. App. 3d 805, 827 (Cal. App. 1983) (under the

28  discovery rule, the statute of limitation begins to accrue when the plaintiff "could

have discovered injury and cause through the exercise of reasonable diligence –

"the discovery rule applies to causes of action involving the breach of a fiduciary

relationship").

Based on the face of the Complaint and the previous pleadings filed

by Upper Deck in related actions (which, as demonstrated below, the Court can

consider based on judicial notice), when did Upper Deck have knowledge of the

facts sufficient to put Upper Deck on notice of its claim as alleged in its current

Complaint?

> **b.    In determining when Upper Deck had sufficient notice, the Court can consider the face of the Complaint as well as pleadings filed by Upper Deck in the related patent litigations.**

As set forth above, this is not the first time that Upper Deck made the

allegations set forth in its Complaint against Gluck and Media Technologies.  In

fact, Upper Deck made these very same allegations, based on the same facts,

seeking the same relief, in at least three separate counterclaims:

- Once, on April 28, 2000, in response to a patent infringement claim brought by Telepresence in the Telepresence Action (*see* Exhs. 1 and 2); and
- at least twice (on January 30, 2002 and March 15, 2002) in response to the second patent infringement action brought by Media Technologies against Upper Deck in the Media Technologies Action (*see* Exhs. 2 and 3).

In deciding this motion, the Court may look to Upper Deck's counterclaims in

these related actions to determine when Upper Deck had sufficient notice of its

alleged claim for two separate reasons.

*First*, in ruling on a motion to dismiss, a district court may take

judicial notice of pleadings in related actions.  *Mullis v. United States Bank*, 828

F.2d 1385, 1388 (9th Cir. 1987).  A district court may properly consider matters

11                          05 cv 2193 BTM (RBB)

of public record:  *e.g.,* pleadings, orders and other papers on file in another action pending in the court.  *See Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings. . . . We here take judicial notice of a motion to dismiss together with a supporting memorandum, filed in the declaratory judgment suit."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2nd Cir. 2000) ("The Appellants submitted a copy of the Midway complaint to the District Court in their papers in opposition to the motion to dismiss. . . . Pursuant to Fed. R. Evid. 201(b), we take judicial notice of the Midway complaint as a public record.").

      *Second*, alternatively, documents whose contents are alleged in a complaint and whose authenticity no party questions may be considered by the district court in a motion to dismiss, even if the documents are not attached to the complaint being attacked.  *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 (9th Cir. 1996) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" (internal citations omitted)).  In this case, Upper Deck's Complaint alleges the contents of the pleadings in the Telepresence and Media Technologies Actions:

- "In or around February 2001, Telepresence filed a federal court action against Plaintiffs, among others, regarding infringement of the '431, '583 and '501 patents."  Complaint ¶19; and

- "In or around November 2001, MT filed its own federal court action against Plaintiffs, among others, regarding infringement of the '501 patent, and eventually, the '532 patent, but not the '431 patent or the '583 patent. Complaint ¶20.

1    Accordingly, in deciding this motion to dismiss, the pleadings in the

2    Telepresence and Media Technologies Actions can be considered either because

3    (1) they are subject to judicial notice, or (2) their contents are alleged in Upper

4    Deck's Complaint.

5              c.      **The facts presented in Upper Deck's court filings in these**
                       **related matters demonstrate that Upper Deck had**
6                      **knowledge of the facts sufficient to put it on notice of its**
                       **current claim by April 28, 2000 at the absolute latest.**
7

8    Although, Upper Deck clearly had sufficient knowledge of the facts

9    to put it on notice of its claims well before April 28, 2000,[5] there can be

10   absolutely no doubt that Upper Deck had "knowledge of facts sufficient to put [it]

11   on notice of an invasion of [its] legal rights" (*April Enterprises*, 147 Cal. App. 3d

12   at 827) – that is, that Gluck had filed for patents based on the alleged Upper Deck

13   inventions – by April 28, 2000.  On April 28, 2000, in its counterclaims, Upper

14   Deck asserted the same allegations seeking the exact same relief.  *Compare* Exh.

15   2 (Upper Deck's Counterclaims and Cross claims (April 28, 2000)) with the

     Complaint; *see* section II above.

16   Accordingly, at the absolute latest, Upper Deck clearly knew of the

17   facts to put it on notice of its claim by April 28, 2000 and, as a result, the statutes

18   of limitation began to run, at the absolute latest by April 28, 2000, over five and a

19   half years ago.

20   **C.      The statutes of limitations expired no later than April 28, 2004.**

21        Because Upper Deck's claim:

22

23   ────────────────

24        [5]     For example, in its related pleadings, Upper Deck alleged that it
     learned of Gluck's alleged acts "after issuance of the '501 patent in September,
25   1998" Counterclaim ¶21 (March 15, 2002) (emphasis added).  Upper Deck also
     alleged that "The Upper Deck entities did not learn of these actions until the past
26   year [1999], when they learned for the first time that Gluck had obtained Patents
     No. 5,417,431, No. 5,421,583, and No. 5,803,501 in his own name."  Exh. 2 ¶ 35;
27   ¶ 41 (January 28, 2000).

28

(A) began to accrue (beyond any doubt) by April 28, 2000, at the
very latest; and

(B) is subject to a statute of limitations of no more than four years,
Upper Deck was required to bring its claims no later than April 28, 2004.
Because Upper Deck brought this action in November 2005, Upper Deck was at
least a year and a half too late.

Accordingly, Upper Deck's claim is time barred and should be
dismissed.

## IV.   Upper Deck's apparent excuse for delaying until 2005 to bring this action fails.

Apparently realizing the fatal flaw in its Complaint – the statute of
limitations bar – Upper Deck appears to assert that it could not have brought its
claim until the Federal Circuit resolved the issue of standing relating to the patents
at issue:

> Plaintiffs seek a declaration that UDC is the correct owner of the
> '431, '583, '501 and '532 patents.  Plaintiffs could not seek such a
> declaration until there was an alleged actual owner of the '431, '583,
> '501 and '532 patents, which did not occur until the Federal Circuit
> ruled that MT had standing to bring an action based on the '501 and
> '532 patents in or around 2003.

Complaint at ¶¶ 29-30.  There are at least three critical problems with Upper
Deck's excuse, two of which Upper Deck may attempt to argue around and a third
which Upper Deck cannot dodge.

*First*, Upper Deck could not have been waiting until 2003 for the
Federal Circuit to rule that Media Technologies had standing because the Federal
Circuit did not determine that Media Technologies had standing.  The one issue
addressed by the Federal Circuit was whether the doctrine of res judicata
prevented Media Technologies' action from going forward based on a prior
dismissal for lack of subject matter jurisdiction: "Upper Deck moved for

summary judgment asserting that Media's suit was *barred by claim preclusion*." *Media Tech. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1369 (Fed. Cir. 2003) (emphasis added). Accordingly, Upper Deck could not have been waiting until the Federal Circuit to identify "an alleged actual owner of the '431, '583, '501 and '532 patents" because the Federal Circuit addressed a different issue.

*Second*, the Federal Circuit did not even address the '431, '583 and '532 patents because the case only involved one patent – the '501 Patent. The Federal Circuit decision addressed a "motion for summary judgment that its suit asserting infringement of United States Patent No. 5,803,501 ("'501 patent") was barred by res judicata (claim preclusion)." *Media Tech.* 334 F.3d at 1368.[6] Accordingly, Upper Deck could not have been waiting for the Federal Circuit to identify "an alleged actual owner of the '431, '583, '501 and '532 patents" because the '431, '583, and '532 patents were never addressed by the Federal Circuit.

The *third*, and by far the most critical reason why Upper Deck's argument that it could not bring its claim prior to 2003 fails is that Upper Deck's prior complaints demonstrate that not only *could* Upper Deck have brought its claim prior to 2003, *it actually did assert its claim*, not once, not twice, but rather *three times* before the Federal Circuit's decision in 2003. In the prior Telepresence and Media Technologies Actions, Upper Deck alleged the same facts and sought the same relief that it asserts in its current Complaint. Comparing:

1. Upper Deck's counter-claims in the Telepresence Action (April 28, 2000) Exh. 2;

---

[6]     Upper Deck incorrectly asserted that the Federal Circuit decision related to both the '501 and '532 Patents. In fact, the '532 Patent was not part of the Media Technologies Action at the time of the Federal Circuit decision. *Media Tech.* 334 F.3d at 1368.

2.  Upper Deck's counter-claims in the Media Technologies Action (January 30, 2002) Exh. 3; and

3.  Upper Deck's amended counter-claims in the Media Technologies Action (March 15, 2002) Exh 4;

demonstrates that Upper Deck not only could have brought its claim prior to 2003, but did bring its claim three times, thereby defeating any assertion that Upper Deck could not have brought its claim prior to 2003.

\*   \*   \*

Although Upper Deck may argue that it could not have brought its current claim until 2003, it brought this same claim back in 2000 and twice in 2002. In fact, in the Media Technologies Action (which has been pending since 2001), Upper Deck is currently seeking, in the Central District, the same relief based on the same facts alleged in this case.

**V.   Conclusion.**

Because Upper Deck's claim is barred by the applicable statute of limitations, this Court should dismiss Upper Deck's claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  December 5, 2005                       DOVEL & LUNER, LLP


By:_____
      Sean A. Luner
      Attorneys for Defendants Media
      Technologies Licensing, LLC and
      Adrian Gluck

# PROOF OF SERVICE

I, Jane Park, declare as follows:

I am employed in the County of Los Angeles, State of California, and am over the age of 18 years and not a party to the within action. My business address is 201 Santa Monica Blvd., Suite 600, Santa Monica, California 90401.

On December 5, 2005, at Santa Monica, California, following ordinary business practices, I served the following document(s) described as:

**Notice of motion and joint motion by defendant Media Technologies Licensing, LLC and defendant Adrian Gluck to dismiss Upper Deck's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6); Memorandum of Points and Authorities; Defendants Media Technologies Licensing, LLC and Adrian Gluck's request for judicial notice (Fed. Rules of Evid., Rule 201) in support of their joint motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)**

on counsel for the parties in this action, or on the parties in *propia persona*, by placing true and correct copies thereof in individual sealed envelopes, addressed as follows:

Joseph R. Taylor          Craig M. Nicholas
JoAnna M. Esty            Nicholas & Butler, LLP
Liner Yankelevitz Sunshine & Regenstreif LLP   225 Broadway, 19th Floor
1100 Glendon Ave., 14th Floor   San Diego, CA 92101
Los Angeles, CA 90024

☒ BY MAIL: I am "readily familiar" with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, correspondence would be deposited with the United States Postal Service that same day with postage fully prepaid at a Postal Service collection box at 201 Santa Monica Blvd., Santa Monica, California 90401, in the ordinary course of business. The envelope(s) was sealed and placed for collection that same day following ordinary business practices.

☐ BY FEDERAL EXPRESS: I am "readily familiar" with this firm's practice of collection and processing of documents for delivery via Federal Express Delivery. Under that practice, documents would be deposited with Federal Express drop box in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices.

☐ BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office of the addressee(s).

☐ VIA FACSIMILE: I caused the document to be sent via facsimile to all persons on the service list on this day.

I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on December 5, 2005, at Santa Monica, California.

Jane Park

05 cv 2193 BTM (RBB)

Gregory S. Dovel (State Bar #135387)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
(310) 656-7066
(310) 656-7069 fax
Attorneys for Defendants
Media Technologies Licensing, LLC
and Adrian Gluck

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, a California corporation; and THE UPPER DECK COMPANY, LLC, a Delaware limited liability company, | CASE NO. 05 cv 2193 BTM (RBB) |
| Plaintiffs, | **Proof of service of Notice of filing of removal of action** |
| vs. | |
| MEDIA TECHNOLOGIES LICENSING, LLC, a California limited liability company; ADRIAN GLUCK, an individual; and DOES 1 through 50, inclusive | |
| Defendants. | |

# PROOF OF SERVICE

1
__State of California__ )

2
)) ss
__County of Los Angeles__ )

3
    I am employed in the County of Los Angeles, State of California, and am over the age of

4
18 years and not a party to the within action. My business address is 201 Santa Monica Blvd., Suite 600, Santa Monica, California 90401.

5
    On **December 2, 2005**, at Santa Monica, California, following ordinary business practices, I served the following document described as:

6
**Notice of filing of removal of action under 28 U.S.C. §1441(b) (Federal Question)**

7
on counsel for the parties in this action by placing a true and correct copy thereof in a sealed envelope, with postage thereon fully prepaid, which I deposited with my employer for collection

8
and mailing by the United States Postal Service. This envelope was addressed as follows:

9
Joseph R. Taylor                         Craig M. Nicholas
JoAnna M. Esty                            Nicholas & Butler, LLP

10
Liner Yankelevitz Sunshine & Regenstreif LLP    225 Broadway, 19th Floor
1100 Glendon Ave., 14th Floor             San Diego, CA 92101

11
Los Angeles, CA 90024

12
☒ BY MAIL: I am "readily familiar" with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Under that practice,

13
correspondence would be deposited with the United States Postal Service that same day with postage fully prepaid at a Postal Service collection box at 201 Santa Monica Blvd., Santa

14
Monica, California 90401, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices.

15
☐ BY FEDERAL EXPRESS: I am "readily familiar" with this firm's practice of collection and

16
processing of documents for delivery via Federal Express Delivery. Under that practice, documents would be deposited with Federal Express drop box in the ordinary course of

17
business. The envelope was sealed and placed for collection that same day following ordinary business practices.

18
☐ BY FACSIMILE  I transmitted the above document(s) by facsimile to the facsimile numbers of the recipients.

19
☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the offices of the

20
addressee.

    I declare under penalty of perjury under the laws of the State of California that the

21
foregoing is true and correct.

22
    Executed on **December 2, 2005**, at Santa Monica, California.

23

24
Jane Park

25

26

27

28