








```
KSR     4/4/06    9:49
3:05-CV-02193   UPPER DECK COMPANY V. MEDIA TECHNOLOGIES
*30*
*O.*
```

```
                                    FILED

                              06 APR -3 PM 3: 21

                              CLERK, U.S. DISTRICT COURT
                              SOUTHERN DISTRICT OF CALIFORNIA

                              BY:        W       DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, a California corporation; and THE UPPER DECK COMPANY, LLC, a Delaware limited liability company,<br><br>                Plaintiffs,<br>vs.<br><br>MEDIA TECHNOLOGIES LICENSING, LLC, a California limited liability company; ADRIAN GLUCK, an individual; and DOES 1 through 50, inclusive,<br><br>                Defendants. | CASE NO. 05cv2193 BTM(RBB)<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO TRANSFER CASE AS MOOT** |

Plaintiffs have filed a motion to remand this action to state court. Defendants have filed a motion to transfer the action to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, Plaintiffs' motion is **GRANTED** and Defendants' motion is **DENIED AS MOOT**.

## I. BACKGROUND

On November 14, 2005, Plaintiffs filed this action in the Superior Court of the State of California, County of San Diego, North County Division. On November 30, 2005, Defendants removed the action to this Court.

The following facts are taken from the Complaint, and the Court makes no findings



APR -4 2006

**ENTERED ON** _____ 05cv2193 BMT(RBB)

regarding their truthfulness.

Plaintiffs allege that defendant Adrian Gluck was, beginning in or about 1989, a director of Upper Deck Company ("UDC"). (Complaint, ¶ 7.) As a director, Gluck owed fiduciary duties to UDC, including the duty to maintain the secrecy and confidentiality of UDC's intellectual property assets and not to exploit for his own benefit any confidential or proprietary information and/or intellectual property assets of UDC. (Id.) While acting as a director, Gluck received confidential and/or proprietary information concerning intellectual property assets of UDC, namely ideas for new types of trading cards. (Complaint, ¶ 8.)

In or about 1993, a dispute arose between Gluck and UDC regarding Gluck's conduct in his capacity as a director. (Complaint, ¶ 9.) The dispute was resolved by way of a settlement agreement dated December 1993. (Id.) Plaintiffs allege that Gluck's fiduciary duty to UDC continued through to the February 1, 1994 date he executed the settlement agreement, notwithstanding the effective date of the settlement agreement or his back-dated resignation as of January 14, 1993. (Id.)

In November 1993, Gluck secretly applied for U.S. Patent No. 5,471,431 (the "431 patent"), which includes and is based on confidential product-related invention and information disclosed to Gluck while he served on the board for UDC. (Complaint, ¶ 10.) In subsequent years, Gluck secretly applied for U.S. Patent No. 5,421,583 (the "583 patent"), U.S. Patent No. 5,803,501 (the "501 patent"), and U.S. Patent No. 6,142,532 (the "532 patent"), all of which are based on or related to the original '431 patent and include the invention of the '431 patent. (Complaint, ¶¶ 11-14.)

Gluck is the named inventor of the '431, '583, '501, and '532 patents. (Complaint, ¶ 15.) Defendant Media Technologies Licensing, LLC ("MT") is an entity created by Gluck which allegedly obtained the rights to the '431, '583, '501, and '532 patents. (Complaint, ¶¶ 20, 22.) Defendants exploited some or all of the patents in 2005 and received or will receive at least $2,000,000 from Topps Co., Inc., as a result of a settlement. (Complaint, ¶ 23.)

Plaintiffs allege that the inventions claimed in the '431 and subsequent patents were UDC proprietary property and were disclosed to Gluck confidentially in his capacity as a

director of UDC. (Complaint, ¶ 24.) Plaintiffs allege that even if Defendants added new patentable matter to the '583, '501, and '532 patents, Plaintiffs are still the rightful owner of these patents because they derive from and are based on the '431 patent and the proprietary intellectual property of UDC. (Complaint, ¶ 27.)

Plaintiffs' sole cause of action is for declaratory relief. (Complaint, ¶¶ 24-31.) Plaintiffs seek a declaratory judgment that UDC is the correct owner of the '431, '583, '501, and '532 patents or, if not the sole owner of any such patent, then the co-owner of an indivisible interest in such patent(s). Plaintiffs also seek an order transferring and assigning MT's interest in the patents to UDC and an order imposing a constructive trust on the patents for the benefit of UDC. (Prayer for Relief.)

## II. DISCUSSION

Plaintiffs contend that this action should be remanded because it does not depend on the resolution of a substantial question of federal patent law. According to Plaintiffs, the basis for their declaratory relief action is Gluck's wrongful taking of Plaintiffs' concepts and inventions, not who qualifies as the "inventor" under patent law. The Court agrees that patent law is not essential to the resolution of any of Plaintiffs' well-pleaded claims.

Under the "well-pleaded complaint rule," federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). This rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, federal question jurisdiction exists only if the well-pleaded complaint "establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent

law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1988). In making this determination, the Court looks to "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." Id. (quoting Franchise Tax Board, 463 U.S. at 10).

Defendants argue that Plaintiffs' claims necessarily depend on resolving the issue of inventorship under patent law. A patent is invalid if more or fewer than the true inventors are named. Gemstar-TV Guide v. International Trade Comm'n, 383 F.3d 1352, 1381 (Fed. Cir. 2004). The inventorship analysis entails (1) the construction of each disputed claim to determine the subject matter encompassed thereby; and (2) a comparison of the alleged contributions of each asserted co-inventor with the subject matter of the correctly construed claim to determine whether the correct inventors were named. Id. at 1381-82.

If Plaintiffs' claims hinged on the issue of inventorship, the Court clearly would have federal question jurisdiction over this action. However, applying the well-pleaded complaint rule, the Court finds that Plaintiffs' claims do not necessarily depend on the resolution of the inventorship issue.

Plaintiffs' claim arises out of Gluck's alleged breach of fiduciary duty and misappropriation of UDC's confidential product-related invention and information. Plaintiffs' claim sounds in tort and the relief sought – declaratory judgment that Plaintiffs own the patents, assignment of MT's interest in the patents, and a constructive trust on the patents – is consistent with the equitable relief that can be awarded under state law. See, e.g., Cziraki v. Thunder Cats, Inc., 111 Cal. App. 4th 552, 556 (2003) (trial court ordered assignment of patents as a remedy where majority shareholders breached fiduciary duty to minority shareholder by failing to assign their patent interests to the closely-held corporation and exploiting the patents for their own benefit); Air Purification, Inc. v. Carle, 99 Cal. App. 2d 258 (1950) (affirming judgment of trial court where trial court declared plaintiff the true and equitable owner of patents and found that the defendant breached his fiduciary

obligation to plaintiff by wrongfully undertaking to conceive on his own behalf certain improvements and refinements upon the inventions and devices of plaintiff).

Whether Defendants misappropriated UDC's confidential information in applying for and obtaining the four patents does not necessarily require resolution of the inventorship issue or claims construction. In Uroplasty, Inc. v. Advanced Uroscience, Inc., 239 F.3d 1277 (Fed. Cir. 2001), the plaintiff's complaint alleged that the defendant used and divulged plaintiff's trade secrets and confidential information by acts that included the preparation and filing of a patent. The Federal Circuit held that the district court lacked jurisdiction over the action because plaintiff's claims of trade secret misappropriation, breach of fiduciary duty, and breach of contract depended on a showing that defendant "disclosed or used [plaintiff's] trade secrets or confidential information, a burden that can be met without requiring the resolution of a substantial issue of patent law." Id. at 1280.  See also Board of Regents, University of Texas System v. Nippon Telephone & Telegraph Corp., 414 F.3d 1358 (Fed. Cir. 2005) (holding that district court did not have jurisdiction over plaintiffs' state claims that defendant misappropriated plaintiffs' intellectual property in violation of its fiduciary duty by applying for a Japanese patent based on plaintiff's confidential and proprietary technology); American Telephone & Telegraph Co. v. Integrated Network Corp., 972 F.2d 1321 (Fed. Cir. 1992) (holding that AT&T's action against former employees who allegedly obtained patent based on AT&T's proprietary information did not present a substantial question of patent law).

This action does not arise under patent law. Therefore, removal from state court was improper, and the Court grants Plaintiffs' motion to remand.

Plaintiffs ask the Court to award them attorney's fees and costs under 28 U.S.C. § 1447(c).  The Court, in the exercise of its discretion, declines to do so.  Each party shall bear its own fees and costs.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion to remand the case **[8-1]** is

GRANTED, Plaintiffs' request for attorney's fees and costs is **DENIED**, and Defendants' motion to transfer the case **[6-1]** is **DENIED AS MOOT**. The Court does not reach Defendants' pending motion to dismiss **[4-1]**. This case is hereby **REMANDED** to the Superior Court of the State of California, County of San Diego, North County Division.

**IT IS SO ORDERED.**

Dated: April 3, 2006

HONORABLE BARRY TED MOSKOWITZ
United States District Judge

cc:  Magistrate Judge Brooks
     All parties and counsel of record